```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


JAMES E. CROSS,                    )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )   NO. 2:04-CV-248
                                   )
MEIJER, INC. and ONE STEP          )
UP, LTD.,                          )
                                   )
    Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment, filed by Defendants, Meijer, Inc. and One Step Up, Ltd., on March 14, 2005. For the reasons set forth below, this motion is **GRANTED IN PART and DENIED IN PART**.

To the extent Defendants seek summary judgment in their favor on Plaintiff's alleged fraud claim and upon Plaintiff's accompanying prayer for punitive damages, this motion is **GRANTED**.

To the extent Defendants request a specific finding of fact and conclusion of law that all pre-lawsuit written and verbal communications exchanged between Plaintiff and Defendants are not admissible in this case to evidence any conduct or statement therein pursuant to Rule 408 of the Federal Rules of Evidence, this motion is **DENIED**.

Accordingly, Plaintiff's alleged fraud claim is **DISMISSED WITH PREJUDICE**. Likewise, any prayer for punitive damages based upon that alleged fraud is **STRICKEN**.

BACKGROUND

On July 1, 2004, pro se Plaintiff, James E. Cross (hereinafter "Plaintiff"), filed a 2-count complaint against Meijer, Inc., alleging patent infringement. In the complaint, Plaintiff set forth that he received U.S. Patent No. Des. 341,471 (hereinafter "471 patent") for an ornamental t-shirt design in 1993. According to the complaint, Meijer, Inc. infringed on the 471 patent by buying and selling t-shirts with the patented ornamental design without Plaintiff's permission. Attached to Plaintiff's complaint as Exhibit 2 were two letters dated February 26, 2004, from Plaintiff's former counsel, Paul Lerner, to Defendants regarding the alleged patent infringement. In addition, Plaintiff attached Exhibit 3 to the complaint, which was a February 9, 2004, correspondence from counsel for Meijer, Inc. to Plaintiff's former counsel regarding the amount of t-shirts it sold with the allegedly patented ornamental design.

On July 8, 2004, Plaintiff filed a document entitled "Amendment to Complaint," which added Defendant, One Step Up, Ltd., as a named-Defendant in this case. In the amendment, Plaintiff alleges that One Step Up was selling t-shirts with the patented ornamental design without his permission. In addition, the amendment added an

explanation of Exhibits 2 and 3, which were attached to the original complaint. Plaintiff enumerated that Exhibits 2 and 3 show Defendants' intent to maliciously provide wrongful reports of what they sold and purchased.  The amendment also added Exhibit 5 to the pleadings, which was a letter dated June 22, 2004, from legal counsel for One Step Up to Plaintiff.  Plaintiff claims Exhibit 5 further shows Defendant's intent to maliciously provide wrongful reports of what was sold and what was purchased from Defendant, One Step Up.

On September 13, 2004, Plaintiff filed a proposed pretrial order, entitled "Pretrial Conference," wherein he set forth that the pre-lawsuit correspondence exchanged between himself and/or his former attorney with representatives from Defendants contained fraudulent statements and are the basis for Plaintiff to be entitled to punitive damages.  In Paragraph O. of the Plaintiff's proposed pretrial order, Plaintiff proposed a third count to the amended complaint and a new prayer for relief, which set forth:

COUNT THREE

>     7.  The Plaintiff charge Meijer Inc. and One Step Ltd. a corporation, has committed fraud and malice  by  provided  fraudulent  statements, malicious reports.  These fraudulent statements, malicious reports are under paragraph C, C, E, J above. Erie Ins. Co. v. Hickman by Smith 622 N.E.2d 515, 520 (Ind. 1993) Indiana Code S 34-51-3 Punitive Damages. United States Code 18 USC 1001 CHAPTER 47 FRAUD AND FALSE STATEMENTS.
>     8.  Plaintiff Cross, has been damaged by such infringing activities by the Defendants Meijer Inc. and One Step Up Ltd. of the '471 patent.

PRAYER FOR RELIEF

Wherefore, The Plaintiff, Cross pray for judgment against the Defendants on all three counts and for the following relief:

A. Declaration that the '471 patent is valid and enforceable:
B  Declaration that the Defendants One Step Up has infringed, actively induced infringement of, and contributorily infringed the '471 patent:
C. Declaration that defendant Meijer has infringed actively induced infringement of, and contributorily infringed the '471 patent.
D. A preliminary and permanent injunction against the Defendants, Meijer Inc. and One Step Ld, each of their officers, agent, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them from continuing acts of infringement, active inducement of infringement, and contributory infringement of Cross' '471 patent:
E. Declaration that both defendants Meijer Inc. and One Step Up Ltd. has committed malicious acts, and fraud. The plaintiff pray for punitive damages that jury may award a sum that the jury believes will serve to punish the defendants Meijer Inc., One Step Up Ltd., and to deter the defendants and others from similar conduct in the future. Erie Ins. Co. v. Hickman by Smith, 622 N.E.2d 515, 520 (Ind 1993) 34-51-03
F. An accounting for damages under 35 U.S.C. 3289 for infringement of Cross' '471 patent by the defendants Meijer Inc. and One Step Up Ltd., and the award of damages so ascertained to the Plaintiff, together with interest as provided by law.
G. Award of reasonable attorney's fees to

>              the plaintiff pursuant to 35 U.S.C.
>              285.
>    H.    Award of Cross costs and expense; and
>
>    I.    Such other and further relief as this
>          Court may deem proper, just and
>          equitable.

On January 3, 2005, Plaintiff filed an "Amendment to the Plead" wherein he sought to add the aforementioned third count and prayer for punitive damages to his already amended complaint. This Court denied Plaintiff's "Amendment to the Plead" on January 12, 2005.

Defendants have filed the instant Motion for Partial Summary Judgment, seeking summary judgment in their favor upon any and all of Plaintiff's allegations that they engaged fraudulent in reporting the amount of ornamental T-shirts sold, and upon all Plaintiff's prayers for punitive damages that are based on those allegations. Defendants also seek this Court to enter a specific finding of fact and conclusion of law that all pre-suit written and verbal communications that were exchanged between the parties are not admissible pursuant to Rule 408 of the Federal Rules of Evidence.

DISCUSSION

As the parties are well-aware,[1] the standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c)

---

[1] On March 8, 2005, this Court entered an order denying Plaintiff's motion for summary judgment. Also, Defendants have given the Plaintiff a proper notice under *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992).

of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant.  *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law

will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Initially, there seems to be some question as to whether Plaintiff is even asserting a separate cause of action for fraud against Defendants. While the Plaintiff asserted a separate fraud claim in the proposed pretrial order, the only mention of fraud in Plaintiff's pleadings appears when Plaintiff describes certain exhibits to the amended complaint. Moreover, the only mention of punitive damages is in the proposed pretrial order. Nowhere in the pleadings does Plaintiff explicitly allege a separate count of fraud

or punitive damages against either Defendant.  Thus, there could be serious doubt as to whether the Plaintiff has sufficiently alleged a separate claim for fraud or punitive damages; however, as Plaintiff is pro se, this Circuit adheres to the notice pleading standard, and because Defendants do not seek dismissal based upon Plaintiff's failure to comply with the liberal pleading requirements, this Court will assume Plaintiff's pleadings put Defendants on notice for a separate cause of action for fraud.  Fed. R. Civ. P. 8; *Wynn v. Southward*, 251 F.3d 588 (7th Cir. 2001).

Upon review of the Plaintiff's pleadings, that is, the complaint and amendment to the complaint, it is clear the only reference to a claim of fraud is Plaintiff's allegations that Defendants "maliciously" provided fraudulent reports to Plaintiff as to the number of products sold and purchased by Defendants in pre-lawsuit correspondence.

In Indiana, the five elements of fraud are: 1) a false statement of past or existing material facts; 2) made with knowledge it was false or made recklessly without knowledge of its truth or falsity; 3) made for the purpose of inducing the other party to act upon it; 4) and upon which the other party did justifiably rely on the act; and 5) proximately resulting in injury to the other party.  *Epperly v. Johnson*, 734 N.E.2d 1066, 1073 (Ind. Ct. App. 2000).  Numerous Indiana cases restate the essential element that Plaintiff must have relied upon Defendants' representations.  *See Browning v. Walters*, 616 N.E.2d

1040, 1047 (Ind. Ct. App. 1993); *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 321 (Ind. Ct. App. 1991).

Assuming the allegations of fraud contained in Plaintiff's pleadings are sufficient to apprise Defendants of a separate claim, the only evidence Plaintiff has designated to support the supposed fraud claim is found in six letters. The first letter is a June 22, 2001, correspondence from Plaintiff to Meijer's counsel, which provides as follows:

> Dear Ms. Mellenia
>
> Please find the enclosed zippered T-shirt recently purchased at a Meijer's store located in Michigan City, IN. This T-shirt is an infringement on T-shirt patent number Des. 341,471. Also, I have enclosed the patented T-shirt {Zip-A-Tee} and a copy of the patent. I would greatly apprecrate [sic] your review of the circumstances involved in the matter and a speedy resolution.
>
> Zip-A-Tee Shirt Manufacturing Inc. would like to settle this matter without filing an [sic] patent infringement lawsuit. I would like to discuss this in more detail within 30 days from the date of this letter. Please feel free to call or write at your earlier convenience . . . .
>
> s/s James E. Cross
>     President/Inventor

The second letter is a December 3, 2003, letter from Meijer's counsel to Plaintiff's former counsel, which provides:

> Dear Mr. Lerner:
>
>   This will follow up and respond to your October 23, 2003 and November 24, 2003 letters in connection with the above referenced matter. Please be advised that we are investigating this

>matter; however, we are in need of additional information.  Our initial review of our records show that we carried plus size tops from One Step Up, but with difference item descriptions and pricing.  These items were discontinued in 2001 and there is no remaining inventory in our stores.  Please provide us with a UPC umber for the item and a color photograph, if possible, along with any other information that may be helpful in our investigation.
>
>   Please be advised that we are also forwarding this matter to the vendor, One Step Up, for their review and handling.
>
>   If you have any questions or would like to discuss this matter, please do not hesitate to contact me . . . .
>
>   s/s Amy Thomas-Mellema
>       Senior Counsel

The third letter is dated February 9, 2004, from Meijer's counsel to Plaintiff's former counsel, which provides:

>Dear Mr. Lerner:
>
>   This is in response to your letter dated February 2, 2004, sent in connection with the above-referenced patent.  Meijer does not maintain our purchases by item in a format that can be queried; however, queries can be run on our sales information per item.  Therefore, the total subject units sold for UPC 7-13733-52440 is 3,069.
>
>   If you have any questions or if you need clarification, do not hesitate to contact me . . . .
>
>   /s/ Amy B. Thomas-Mellema
>       Senior Counsel

The fourth letter is a February 25, 2004, letter from Plaintiff's former counsel to Meijer's counsel, which provides:

-10-

> Dear Ms. Thomas-Mellema:
>
> As you know, we have contacted One Step Up, Ltd., the supplier of the zippered tee shirts sold by Meijer, in an effort to resolve our client's claims with respect thereto. Our efforts in this regard have proven unavailing, as One Step Up has refused to address this problem. One Step Up has also misinformed us as to the volume of shirts sold, calling its credibility into question.
>
> Since Meijer's supplier will not address this matter, we must insist that Meijer do so . . . .
>
> s/s Paul J. Lerner
> Senior VP and General Counsel

The fifth letter is a February 26, 2004, letter from Plaintiff's former counsel to One Step Up, which provides:

> Dear Mr. Adjmi:
>
> Late last month, we discussed the issues presented by your sale of zippered tee shirts which, we believe, infringe our client's subject patent. During that conversation you repeatedly stated that your firm had sold the tee shirt in question to only one customer – Meijer, Inc. – and that the total volume sold was 100 dozen shirts. We offered to settle this matter and, to that end, made a settlement offer based upon the information you had provided. You indicated that you would provide us with your response latter that day, or the next.
>
> To date, we have had no response to our offer. We have, however, learned that Meijer has sold at least 3,069 of the subject shirts (see copy of letter from Meijer enclosed). Thus, it is clear that the information which you provided is incorrect. We are, therefore, withdrawing our previous offer. We are prepared to offer a release as to Meijer upon payment of the profit derived therefrom (35 USC 289), which you have informed us is $5.00 per shirt . . . .

>     s/s Paul J. Lerner
>         Senior VP and General Counsel

Finally, the sixth letter is a June 24, 2004, correspondence from One Step Up's counsel to Plaintiff, which provides:

> Dear Mr. Cross:
>
> WITHOUT PREJUDICE.
>
> On Monday, June 21, 2004, I received your facsimile setting forth, among other things, a demand for a "universal settlement total" of $600,000.00 (the "Demand").
>
> To assist me in reviewing your Demand, and for the purpose of settlement, I have been provided by One Step Up, Ltd. ("OSU") and Meijer, Inc. ("Meijer") contemporaneous documentation reflecting a sale by OSU to Meijer of 6,240 units of the item in question (the "Item"). I am satisfied that the contemporaneous documents are fully and fairly reflective of the pertinent records of each of OSU and Meijer.
>
> For your review, I have enclosed and labeled copies of the pertinent documents. They are as follows:
>
> - M1-Meijer Voucher History Week Ending 03/10/01 (Invoice #75096)
> - M2-Meijer Invoice Processed Format (Invoice #75096)
> - M3 - Meijer Invoiced Processed Format (Invoice # 75097)
> - M4 - Meijer Voucher History Week Ending 03/10/01 (Invoice #750797)
> - OSU 1- Invoice #750796
> - OSU 2- Invoice #750797
>
> (the "Documents").
>
> The Units are denoted on the OSU Documents as Style 24417 and 24422.
>
> The OSU Documents reflect a sale and delivery by OSU to Meijer of 6,240 Units; the Meijer

-12-

Documents reflect Meijer's receipt and payment for the delivery of the 6,240 Units.

OSU's gross selling price for the Units was $39,000.00. As you know, Meijer's selling price for the Units was no more than $12.99. In fact, I am advised that the average Meijer retail selling price for the Units was approximately $8.12. Assuming a full sell through at full mark up by Meijer of each of the Units, Meijer's gross receipts totaled no more than $81.057.60.

Based on the financial reality pertinent to the transactions in question, and a review of the pertinent Statute, your Demand is grossly disproportionate to the amount, if any, you would likely recover in a patent infringement suit against OSU or Meijer.

The Statute in question, 35 U.S.C. §284, "Damages", limits a patent holder's damages to an amount "adequate to compensate" for the infringement, but in no event less than a "reasonable royalty". A trebling of damages is provided for by the statute, but is awarded, generally, only where the infringement is "malicious".

I am not aware of any facts or circumstances that would entitle you to a trebling of damages; even if damages were trebled by a Court (they will not be), the magnitude of a hypothetical award would not approach your Demand.

Moreover, and in general, in an action for patent infringement, damages do not extend to all profits which the alleged infringer received from manufacture or sale of the article in question, but are confined to the profit received from use of the patented item. Thus in an action for patent infringement, there is an apportionment that must take place, apportioning profits between the patented and unpatented portions of the item.

In rejecting your Demand, I have not attempted to make the required apportionment because your demand exceeds by a multiple of six (6x) OSU and

> Meijer's maximum *gross* receipts for the Units. Plainly, OSU and Meijer's profit on the Units is a fraction of the gross receipts and that potion of the profits attributable to the patent in question are but a fraction thereof. These irrefutable facts make your Demand unreasonable.
>
> Under the circumstances, and so as to settle all outstanding issues, I invite you to negotiate with me towards arriving at a figure constituting a "reasonable royalty".
>
> While I appreciate your many prior concerns, I believe OSU and Meijer have at this point provided you with sufficient information to finalize a settlement arrangement. Out of an abundance of caution, OSU for itself and on behalf of Meijer will seek appropriate relief, including monetary sanctions, should elect to commence suit predicated on your unrealistic Demand . . . .
>
> s/s Harlan M. Lazarus

The Defendants seek to exclude each of these letters pursuant to Federal Rule of Evidence 408, asserting all of these letters are inadmissible as settlement negotiations. In his response brief, Plaintiff does not dispute that these letters constitute settlement negotiations. It is well-settled that Rule 408 forbids the omission of statements made during settlement negotiations to prove liability or the lack of liability. *Bankcard America, Inc. v. Univ. Bankcard Sys., Inc.*, 203 F.3d 477, 483 (7th Cir. 2000). The purpose of Rule 408 is to encourage settlements. *Id.* "Because settlement talks might be chilled if such discussions could later be used as admissions of liability at trial, the rules purpose is to encourage settlements." *Id.* (citing *Winchester Packaging, Inc. v. Mobil Chem. Co.*, 14 F.3d

-14-

316, 320 (7th Cir. 1994).   Thus, Rule 408 "makes it clear that all factual statements made during compromise negotiations are inadmissible."   FEDERAL EVIDENCE § 135, p. 89 (2d ed. Mueller and Kirkpatrick).

However, Plaintiff seeks to admit these letters for a collateral purpose, "to show the Defendants' intent, absence of mistake or accident, knowledge, or reputation, in character to a jury."  (Pl.'s Mem. in Opp'n, p. 2.)  It is true Rule 408 would not require exclusive of the letters if they were offered for another purpose, such as proving the bias or prejudice of a witness, rebuttal, impeachment, or to show knowledge or intent.  *Zurich v. Watts Indus., Inc.*, 2005 WL 1804771, *6 (7th Cir. Aug. 2, 2005).   Nevertheless, while the six letters may be admissible at trial for some other purpose, Plaintiff cannot admit them in order to support a separate cause of action for fraud because the factual statements contained in the letters are inadmissible to prove liability.  As the six letters are the only evidence Plaintiff has designated alleging Defendants engage in fraud, and those letters are inadmissible for the purpose of proving Defendants committed that alleged fraud, the Plaintiff has no designated evidence supporting any of the elements of the alleged fraud claim.

Be that as it may, it is worthy to note that summary judgment would have been granted on Plaintiff's alleged fraud claim without the exclusionary effect of Rule 408.   Remember, if a party fails to

-15-

establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment is appropriate. Even taking into account the substance of the letters, the Plaintiff would still fail to establish all of the essential elements of a fraud claim.  At most, the letters could demonstrate that the Defendants' representatives gave a false statement regarding the quantity of products bought and sold.  However, evidence of a false statement only satisfies the first of the five elements of a fraud claim.  The Plaintiff has wholly failed to designate any evidence that would satisfy any of the other four elements.

Finally, it is worthy to point out that none of the six letters were even written by either Defendant.  Instead, they were all authored either by Plaintiff, Plaintiff's former counsel, or counsel for Defendants.

In sum, there is no disputed material fact and Defendants are entitled to judgment as a matter of law with regard to Plaintiff's separate cause of action for fraud.[2]  However, as Plaintiff may attempt to admit these letters for other legitimate purposes, this Court **DENIES** the Defendant's request to enter findings of fact and conclusions of law that the six letters would be inadmissible at trial pursuant to Rule 408.

---

[2]This Court also notes, for the record, that the Plaintiff failed to designate any admissible evidence showing any malice on Defendants' part in reporting the quantity of shirts sold.

-16-

CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment, is **GRANTED IN PART and DENIED IN PART.**

To the extent Defendants seek summary judgment in their favor on Plaintiff's alleged fraud claim and upon Plaintiff's accompanying prayer for punitive damages, this motion is **GRANTED.**

To the extent Defendants request a specific finding of fact and conclusion of law that all pre-lawsuit written and verbal communications exchanged between Plaintiff and Defendants are not admissible in this case to evidence any conduct or statement therein pursuant to Rule 408 of the Federal Rules of Evidence, this motion is **DENIED.**

Accordingly, Plaintiff's alleged fraud claim is **DISMISSED WITH PREJUDICE.**  Likewise, any prayer for punitive damages based upon that alleged fraud is **STRICKEN.**

**DATED: September 2, 2005**      /s/RUDY LOZANO, Judge
                                  **United States District Court**